AO 440 (Rev. 8/01)  Summons in a Civil Action

# United States District Court

Eastern District of California

TRESSIE NICKELBERRY

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

VENTURA COUNTY/ VENTURA COUNTY PROBATION AGENCY, a governmental entity, and KEITH JAN, as an individual

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Ventura County/ Ventura County Probation Agency, a governmental entity

an answer to the complaint which is served on you with this summons, within  20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____   _____
CLERK                                                                                      DATE

_____
(By) DEPUTY CLERK

EDCAO440

# United States District Court

Eastern District of California

TRESSIE NICKELBERRY

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

VENTURA COUNTY/ VENTURA COUNTY PROBATION AGENCY, a governmental entity, and KEITH JAN, as an individual

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Ventura County/ Ventura County Probation

an answer to the complaint which is served on you with this summons, within  20  days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                        DATE

(By) DEPUTY CLERK

EDCAO440

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRESSIE NICKELBERRY

### DEFENDANTS
VENTURA COUNTY/ VENTURA COUNTY PROBATION AGENCY, a governmental entity, and KEITH JAN, as an individual

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WASSERMAN, COMDEN & CASSELMAN, LLP

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 862 Black Lung (923) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 864 SSID Title XVI | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 720 Labor/Mgmt. Relations | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | [ ] 790 Other Labor Litigation | [ ] 871 IRS –Third Party 26 USC 7609 | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **HABEAS CORPUS:** [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights / [ ] 555 Prison Condition | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
violation of 42 U.S.C 1981; Violation of Title VII of Civil Act of 1964
Brief description of cause:
Racial Discrimination and Gender Discrimination

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 11/12/09
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

EDC-JS44

1  GREGORY J. RAMIREZ (Bar No. 150515)
    gramirez@wcclaw.com
2  SABRINA SANDERS (Bar No. 233833)
    ssanders@wcclaw.com
3  JAMES E. PERERO (Bar No. 258124)
    jperero@wcclaw.com
4  WASSERMAN, COMDEN & CASSELMAN, L.L.P.
   300 E. Esplanade Drive, Suite 1960
5  Oxnard, California 93036-0284
   Telephone: (805) 988-0285
6  Facsimile: (805) 988-0375

7  Attorneys for Plaintiff TRESSIE NICKELBERRY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESSIE NICKELBERRY,<br><br>            Plaintiff,<br><br>    vs.<br><br>VENTURA COUNTY/VENTURA COUNTY PROBATION AGENCY, a governmental entity, and KEITH JAN, an Individual,<br><br>            Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **RACIAL AND GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. 1981; AND**<br><br>2. **RACIAL AND GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TRESSIE NICKELBERRY ("Plaintiff") hereby alleges as follows against Defendants VENTURA COUNTY PROBATION AGENCY ("VCPA"), a public entity, and KEITH JAN ("Jan"), an individual:

## JURISDICTION

1.   The Court has jurisdiction over this action pursuant to 42 U.S.C.

section 1981 *et seq.*, and 28 U.S.C section 1331 because this matter involves federal causes of action.

## VENUE

2. Venue is proper in the Eastern District of California, pursuant to 28 U.S.C. section 1391, because VENTURA COUNTY/VENTURA COUNTY PROBATION AGENCY IS subject to personal jurisdiction in this district at the time the action is commenced, and there is no district in which the action may otherwise be brought.

## RIGHT TO SUE

3. On or about August 14, 2009 plaintiff received written notice from the United States Department of Justice, Civil Rights Division, that she had a right to institute a civil action against the Ventura County Probation Agency and Jan Keith.

## PARTIES

4. Plaintiff is an individual, who at all times relevant hereto was, and is, a citizen of California, residing in the County of Ventura. Plaintiff received a Bachelor of Science and Criminal Justice degree from Tennessee State University in 1999. Plaintiff earned a Masters in Science from the University of Cincinnati in 2000. Currently, Plaintiff is attending California Lutheran University working towards her Doctorate in Higher Education. Plaintiff has been employed as a probation officer by the Ventura County Probation Agency since 2003.

5. The Ventura County Probation Agency ("VCPA") is a governmental

entity with its offices located in the County of Ventura. The VCPA employs over 300 individuals. Defendant Jan Keith was plaintiff's immediate supervisor and a managing agent of the VCPA from approximately July 2006 to approximately December 2008.

6.  From approximately July 2006 to December 2008, Jan was Plaintiff's supervisor whose conduct was ratified at all times by the VCPA.

## FIRST CAUSE OF ACTION
### (Racial and Gender Discrimination in Violation of 42 U.S.C 1981)

7.  Plaintiff incorporates by reference Paragraphs 1 through 8 as though fully set forth herein.

8.  Plaintiff is a female of African-American descent. Since the time she started her employment with the VCPA, plaintiff has witnessed and endured a hostile work environment and atmosphere of harassment and discrimination. For example, when she was first hired in 2003, plaintiff was told by one of her supervisors, "Don't expect to advance or be promoted in this department. You are just a token."

9. Plaintiff has applied for promotions several times over the last few years, along with other workers of color within the VCPA, and each time she was denied a promotion, while other less qualified candidates were promoted over her. For example, on or about March 14, 2006, plaintiff's supervisor provided her with her annual review. Plaintiff received a high rating on her review, and was told by her supervisor that she had many strengths and did not appear to have any weaknesses.

1  On or about March 20, 2007, Plaintiff interviewed for a promotion to Senior Deputy
2  Probation Officer, and was not selected.

4       10.  Plaintiff requested that she receive feedback from her supervisors and
5  management on the reasons she had not been selected for the promotion. Initially, it
6  was represented to her that she was entitled to, and would, receive feedback on the
7  reasons she was not selected. She was later told that the VCPA would not be
8  providing her with the reasons she was not selected.

10      11.  Plaintiff then spoke with the Chief Deputy Probation Officer, Cal
11 Remington. Mr. Remington told plaintiff that it appeared to him that she was more
12 than qualified to be promoted, and that she would eventually be promoted.

14      12. On or about January 4, 2007, defendant Keith Jan presented her with her
15 annual performance review. At that time, Jan advised her that who gets promoted
16 within the VCPA is political within the department, and that she had become known
17 as "the Angry Black Woman" because she had bothered to ask why she had not been
18 promoted. Jan told her that, in his opinion, she had a right to question the VCPA as
19 to the reasons she did not receive a promotion, but that the "big whigs" in the
20 department did not see it that way. He specifically told plaintiff that management
21 within the VCPA feared her because she was "tall, dark skinned, and big."

23      13. On or about February 13, 2007 defendant Keith Jan began referring to
24 plaintiff as "Crackberry", in a discriminatory reference to her last name
25 "Nickelberry". Jan told her that the reason he called her this name was because
26 name suited her.

14. On or about April 4, 2007, defendant Jan stated that plaintiff and another female deputy probation officer's "stock" was going down in value, because they were both females over the age of thirty, who were not "beauty queens". He stated that older men "want twenty year olds", and he stated that no man would desire plaintiff or the other female officer because "men don't want a woman who's bigger than them."

15. On one occasion, plaintiff asked Jan for directions to a location in Simi Valley. Jan said he would not provide her with the directions, because "we don't want people like you in Simi Valley", referring to the fact that plaintiff was African-American. Beginning in or about April 2007, Jan referred to plaintiff's hairstyle as a "mophead" and called her "rasta farian", referring to her braided hair. He also stated that Whoopi Goldberg was "big and ugly", and began referring to plaintiff as "Whoopi" around the office. Plaintiff told Jan that what he had said was rude and mean, and he just laughed.

16. On or about September 6, 2007, defendant Jan inquired of plaintiff about the emergency readiness supplies in the office, and asked if she had found any toilet seat covers. Plaintiff responded that she believed there were three seat covers. Jan replied by stating, "Well, that means James, Rosie and I get one, and you're on your own." He then stated that he would put plaintiff in charge of emptying the toilet buckets "after everyone one craps in them."

17. When defendant Jan learned that plaintiff had talked to a fellow employee about her concerns of discrimination, called plaintiff into his office and told her, "You better not be talking to people. We (management) all hang together and protect each other. If you continue to complain, I can make your life miserable." When plaintiff was later interviewed in or about December 2008

WASSERMAN, COMDEN & CASSELMAN, L.L.P.
300 E. ESPLANADE DRIVE, SUITE 1960
OXNARD, CALIFORNIA 93036-0284

1 regarding discrimination within the office, she was asked, in a hostile manner, why
2 she had contacted and spoken with the NAACP.

4     18. Plaintiff, and most of the employees of color that work within the VCPA,
5 have been subjected to continuous slurs, racial jokes and discriminatory comments
6 and intimidation over the last six years. This conduct has been unwelcome, and has
7 been sufficiently severe and pervasive so as to alter the conditions of plaintiff's
8 employment and has created a racially and gender-based abusive and hostile work
9 environment.

11     19. On March 5, 2008, when Plaintiff was wearing a black probation shirt,
12 dark jeans, and white shoes, Jan told her that the only way that he could see her was
13 because of the white shoes that she was wearing. Jan further told Plaintiff that her
14 face was dark black and blended-in with the ground.

16     20. On or about October 16, 2007, Plaintiff advised Jan that probation
17 officer Martinez was going to go with her to College of the Canyons for recruitment.
18 Jan stated, "Good, we have a Black and Mexican going. It makes our agency look
19 diverse." Later that day, during a staff meeting, Jan emphasized his earlier comment
20 by saying, "All we need is a Chinese person."

22     21. On March 5, 2008, Plaintiff was wearing a black probation shirt, dark
23 blue jeans and white tennis shoes. Jan asked Plaintiff how she was going to hide.
24 Plaintiff told Jan that she did not know what he was talking about. Jan said "You're
25 going to get seen with those shoes." Jan further told Plaintiff that her face was
26 already black and blended-in with the ground.

22. On or about July 11, 2008, Jan yelled from his office, "Hey Nickelberry, what does home skillet mean? My daughter called me that and it sounded like black talk, so I'm asking you."

23. Plaintiff has been damaged in an amount according to proof at trial as a result of the above referenced discriminatory conduct.

## SECOND CAUSE OF ACTION

### (For Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

24. Plaintiff incorporates by reference Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

25. Plaintiff's supervisor, Keith Jan, and the VCPA have discriminated against Plaintiff and other employees of color because of their race. Plaintiff was treated adversely by Jan and, more specifically, has been denied a promotions over the last five years because of her African-American ancestry.

26. Plaintiff has been damaged in amount according to proof at trial. Plaintiff is entitled to compensatory damages, injunctive relief, back pay, front pay, prejudgment interest, punitive damages, and reasonable attorneys' fees.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

1. Compensatory damages in an amount according to proof at trial;

2.    For a consent decree that the Ventura County Probation Agency take affirmative steps to ensure that no further discriminatory conduct, or denials of promotion based on race and ethnicity, occur in the future;

3.    Punitive damages against defendant Jan Keith;

4.    For reasonable attorneys' fees and costs;

5.    For such other and further relief which the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Court of Civil Procedure.

DATED: November 11, 2009

WASSERMAN, COMDEN & CASSELMAN, L.L.P.

By: _____
GREGORY J. RAMIREZ
Attorney for Plaintiff TRESSIE NICKELBERRY